1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   WANDERLYN BOLTON,

12              Plaintiff,                       No. 2:24-cv-02848-TLN-AC

13

14        v.                                     **ORDER**

15   SOLAR MOSAIC, LLC; EXPERIAN
     INFORMATION SOLUTIONS, INC.; and
16   DOES 1 through 50, inclusive,

17              Defendants,

18

19        This matter is before the Court on Defendant Solar Mosaic, LLC's ("Defendant") Motion

20   to Compel Arbitration and Motion to Stay.[1]  (ECF Nos. 19, 20.)  Defendant's motions have been

21   fully briefed.  (ECF Nos. 22, 24, 26, 35.)  Also before the Court is Plaintiff Wanderlyn Bolton's

22   ("Plaintiff") Motion to File a Surreply.  (ECF No. 31.)  Defendant filed an opposition.  (ECF No.

23   32.)  Plaintiff did not file a reply.

24        For the reasons set forth below, the Court GRANTS Defendant's Motion to Compel

25   Arbitration, DENIES Defendant's Motion to Stay as moot, and DENIES Plaintiff's Motion to

26

27   _____

28   [1]      Defendant Experian Information Solutions, Inc. is still a named defendant in this action
     but does not join in Defendant's motion.

1

1    File a Surreply.[2]

2         **I.    FACTUAL AND PROCEDURAL BACKGROUND**

3         On October 15, 2024, Plaintiff filed the instant action, alleging violations of the following:

4    (1) Fair Credit Reporting Act; (2) Rosenthal Fair Debt Collection Practices Act; (3) California

5    Identity Theft Act; (4) California Consumer Credit Reporting Agencies Act; (5) Consumer Legal

6    Remedies Act; (6) Home Solicitation Sales Act; (7) Business and Professions Code; (8) Unfair

7    Competition Law; and (9) Intrusion Upon Seclusion.  (ECF No. 1.)

8         On December 13, 2024, Defendant filed the instant motion to compel arbitration.  (ECF

9    No. 19.)  Defendant argues Plaintiff contracted with Freedom Forever LLC for the purchase and

10   installation of solar panels in July 2023 and obtained a loan from Defendant to finance the

11   purchase.  (ECF No. 19-1 at 3.)  Defendant contends Plaintiff executed a Home Solar Loan

12   Agreement ("HSLA") which contained an agreement to arbitrate "any claim, dispute, or

13   controversy" between Plaintiff and Defendant that "arises out of or relates to" the HSLA, the

14   events leading up to the loan, any product or service provided in connection with the loan by

15   Defendant or third parties, collection activities, and Plaintiff's relationship with Defendant,

16   among other things ("the Agreement").  (ECF No. 19 at 3.)

17        **II.    STANDARD OF LAW**

18        "[T]he federal law of arbitrability under the Federal Arbitration Act ("FAA") governs the

19   allocation of authority between courts and arbitrators."  *Cox v. Ocean View Hotel Corp.*, 533 F.3d

20   1114, 1119 (9th Cir. 2008).  There is an "emphatic federal policy in favor of arbitral dispute

21   resolution."  *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985).  As

22   such, "any doubts concerning the scope of arbitrable issues should be resolved in favor of

23   arbitration, whether the problem at hand is the construction of the contract language itself or an

24   _____

25   [2]      The Court has considered Plaintiff's motion to file a surreply (ECF No. 31), as well as
     Defendant's opposition to Plaintiff's motion (ECF No. 32), and finds that the scope of
26   Defendant's reply did not exceed Plaintiff's opposition.  Thus, a surreply is not necessary.  *See
     Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D.Tex.1991) (holding that
27   the court retains the discretion to decline to consider additional materials presented by the
     parties).  However, in an effort to be fully informed of the parties' positions, the Court considered
28   the information presented in Plaintiff's surreply in reaching its decision.

1  allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 626 (quoting *Moses H. Cone*
2  *Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

3      Generally, in deciding whether a dispute is subject to an arbitration agreement, the Court
4  must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the
5  agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207
6  F.3d 1126, 1130 (9th Cir. 2000).  The Court's role "is limited to determining arbitrability and
7  enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the
8  arbitrator." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991).

9      "In determining the existence of an agreement to arbitrate, the district court looks to
10 'general state-law principles of contract interpretation, while giving due regard to the federal
11 policy in favor of arbitration.'" *Botorff v. Amerco*, No. 2:12-cv-01286-MCE-EFB, 2012 WL
12 6628952, at *3 (E.D. Cal. Dec. 19, 2012) (quoting *Wagner v. Stratton*, 83 F.3d 1046, 1049 (9th
13 Cir. 1996)).  An arbitration agreement may only "be invalidated by 'generally applicable contract
14 defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to
15 arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."
16 *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) (quoting *Doctor's Assocs. Inc.*
17 *v. Casarotto*, 517 U.S. 681, 687 (1996)).  Therefore, courts may not apply traditional contractual
18 defenses, such as unconscionability and duress, in a broader or more stringent manner to
19 invalidate arbitration agreements and thereby undermine FAA's "principal purpose" to "ensure
20 that private arbitration agreements are enforced according to their terms." *Id.* at 1748 (quoting
21 *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).

22      **III.   ANALYSIS**

23     Defendant argues the Court should compel Plaintiff to arbitrate her claims because: (1) the
24 parties agreed to arbitrate any dispute arising out of or relating to the HSLA; (2) the Agreement is
25 valid; and (3) the Agreement encompasses Plaintiff's claims.  (*See generally* ECF No. 19.)  In
26 opposition, Plaintiff argues her claims should not be compelled to arbitration because a valid
27 agreement to arbitrate does not exist as: (1) no valid contract was formed; and (2) the Agreement
28 is unconscionable.  (ECF No. 22 at 5–14.)

3

At the outset, the Court notes Plaintiff does not dispute the Agreement encompasses the dispute at issue. (*See generally* ECF No. 22.) Indeed, the Agreement encompasses "any claim, dispute, or controversy" between Plaintiff and Defendant that "arises out of or relates to" the HSLA, the events leading up to the loan, any product or service provided in connection with the loan by Defendant or third parties, collection activities, and Plaintiff's relationship with Defendant, among other things. (ECF No. 19 at 3.) Thus, the Court only addresses the validity of the Agreement by first deciding whether a valid contract was formed and then whether the Agreement is unconscionable.

### A.    *Whether a Valid Contract was Formed*

The Federal Arbitration Act states that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, "generally applicable contract defenses, such as lack of consideration and mutual assent, may invalidate an arbitration agreement." *See Gutierrez v. Wells Fargo Bank, NA*, 704 F.3d 712, 719 (9th Cir. 2012).

The party moving to compel arbitration has the burden of proving by a preponderance of the evidence that a valid agreement exists. *Castillo v. CleanNet USA, Inc.*, 358 F. Supp. 3d 912, 928 (N.D. Cal. 2018) (citing *Bruni v. Didion*, 160 Cal. App. 4th 1272, 1282 (2008)). To determine whether a valid agreement exists, the Court applies California law. *See Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1210 (9th Cir. 1998) ("[C]ourts must 'apply ordinary state-law principles that govern the formation of contracts.'") (internal citation omitted). The opposing party bears the burden of proving any defenses by a preponderance of the evidence. *Castillo*, 358 F. Supp. 3d at 928. The Court weighs the evidence to reach its ultimate determination regarding the existence of a contract and if a defense renders the contract unenforceable. *Id.*; *see also Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal. 4th 394, 413 (1996).

Plaintiff argues no valid contract was formed because: (1) there is no evidence that Plaintiff signed the Agreement; (2) Plaintiff lacked capacity to sign the Agreement; and (3) the Agreement was not supported by adequate consideration. (ECF No. 22 at 5.) The Court will address the arguments in turn.

1          *1.     Whether Plaintiff Signed the Contract*

2          Defendant contends a loan application containing Plaintiff's social security number, date

3    of birth, personal phone number, and personal email address was submitted through Defendant's

4    online platform on July 13, 2023.  (ECF Nos. 19-1 at 3, 19-2.)  Defendant further contends after

5    the loan application was submitted, Defendant generated the Agreement, which Plaintiff executed

6    electronically via the website www.DocuSign.com.  (ECF Nos. 19-1 at 3, 19-3, 19-4.)  Defendant

7    argues Plaintiff could have only signed the Agreement by accessing her personal email with the

8    link to DocuSign's website, clicking the link, and digitally signing the Agreement on the website.

9    (ECF No. 19-1 at 3.)

10         In opposition, Plaintiff contends, while she has a vague recollection of speaking with a

11   man about solar panels in July 2023, she never agreed to purchase or finance solar panels from

12   Defendant.  (ECF No. 22-1 at 2.)  Plaintiff further contends Defendant has not met its burden of

13   authenticating the signature on the Agreement and points to purported issues with the DocuSign

14   Certificate of Completion.  (ECF No. 22 at 6.)  Specifically, Plaintiff argues: (1) the DocuSign

15   Certificate shows an unreasonably short timeframe took place between when the Agreement was

16   sent, viewed and signed, which suggests that Plaintiff did not actually review or agree to the

17   Agreement and (2) the DocuSign Certificate of Completion was executed using an IP address

18   which does not match Plaintiff's home IP address and, when traced, does not match the city in

19   which Plaintiff lives.  (*Id.* at 6–7.)

20         California has enacted the Uniform Electronic Transaction Act, which recognizes the

21   validity of electronic signatures.  Cal. Civ. Code § 1633.1 *et seq.*  An electronic record or

22   electronic signature is attributable to a person if it was the act of the person.  The act of the person

23   may be shown in any manner, including a showing of the efficacy of any security procedure

24   applied to determine the person to which the electronic record or electronic signature was

25   attributable."  *Id.* § 1633.9.

26         Here, the Court finds Defendant has sufficiently established that Plaintiff signed the

27   Agreement.  The DocuSign Certificate of Completion indicates Defendant sent the Agreement to

28   Plaintiff's personal email address.  (ECF No. 19-4.)  Plaintiff does not dispute that Plaintiff could

5

1    only sign the Agreement by accessing her personal email account, opening Defendant's email

2    with the link to DocuSign's website, clicking the link and signing the Agreement.  Plaintiff also

3    does not dispute the Agreement was sent to her personal email address or that the email address

4    on the DocuSign Certificate of Completion is hers.  Instead, Plaintiff filed a declaration stating

5    she does not use email, does not know how to electronically sign documents, and never agreed to

6    purchase or finance solar panels from Defendant.  (ECF No. 22-1 at 2.)

7        As Defendant correctly states, Plaintiff's declaration, without supporting evidence, is

8    insufficient to disprove or rebut the evidence of her electronic signature on the HSLA.  (ECF No.

9    26 at 3 (citing *Castillo v. Cava Mezze Grill, LLC*, No. CV 18-7994-MWF (MAAx), 2018 WL

10    7501263, *4 (C.D. Cal. Dec.21, 2018).)  Plaintiff has failed to provide any supporting evidence

11    for her assertions that she did not sign the Agreement, that she did not have sufficient time to

12    review the Agreement or that the IP address for the signature could not be associated with

13    Plaintiff.  Plaintiff's lack of evidence is fatal to her argument.  *See Xinhua Holdings Ltd. v. Elec.*

14    *Recyclers Int'l, Inc.*, No. 1:13-CV-1409 AWI SKO, 2013 WL 6844270, at *5 (E.D. Cal. Dec. 26,

15    2013), *aff'd sub nom. Clean Tech Partners, LLC v. Elec. Recyclers Int'l, Inc.*, 627 F. App'x 621

16    (9th Cir. 2015) ("[T]he party opposing arbitration must show a genuine issue of material fact as to

17    the validity of the agreement to arbitrate," and "[t]he required showing mirrors the showing that is

18    necessary to defeat summary judgment").

19        Absent any evidence to the contrary, the aforementioned evidence is sufficient to show by

20    a preponderance of the evidence that Plaintiff signed the Agreement.

21                    *2.    Whether Plaintiff Lacked Capacity to Sign the Contract*

22        Plaintiff argues she lacked capacity to contract at the time the Agreement was purportedly

23    executed because her cognitive and technological limitations rendered her incapable of

24    understanding or agreeing to the contract's terms.[3]  (ECF No. 22 at 9.)  Plaintiff contends the

25    facts of the instant case are nearly identical to the facts in *West v. Solar Mosaic LLC*, 105 Cal.

26

27    ───────────────
      [3]    Plaintiff also argues Defendant's evidence of Plaintiff's electronic signature is
      insufficient.  (ECF No. 22 at 10.)  As discussed in III(i)(a), the Court finds this argument
28    unpersuasive.

1   App. 5th 985 (2024), where the California Court of Appeal denied defendant's motion to compel

2   arbitration because it failed to prove the existence of a valid and enforceable contract.  (*Id.* at 2.)

3        In reply, Defendant provides a recorded telephone conversation between Plaintiff and

4   Defendant's representative during which Plaintiff confirms her name, address, phone number,

5   date of birth, the last four digits of her social security number and personal email address.  (ECF

6   No. 27-1.)  Plaintiff also verbally acknowledged she understood the HSLA's financing terms,

7   such as the first payment date and annual percentage rate.  (*Id.*)  Defendant argues Plaintiff, in

8   contrast, has submitted no evidence of any deficits that significantly impaired Plaintiff's ability to

9   understand and appreciate the consequences of the Agreement.  (ECF No. 26 at 7.)  Defendant

10   further argues Plaintiff's bare assertions that she has limited capabilities with technology and

11   relies on family for assistances with technology and finances must be disregarded by the Court.

12   (*Id.* (citing *Algo-Heyres v Oxnard Manor LP*, 88 Cal. App. 5th 1064, 1069 (2023)).)

13        Under California law, there is a rebuttable presumption that all persons have the capacity

14   to make decisions and to be responsible for their acts or decisions.  Cal. Prob. Code § 810.  "A

15   determination that a person is of unsound mind or lacks the capacity . . . to contract . . . shall be

16   supported by evidence of a deficit in," *e.g.*, information processing or thought processes, but such

17   a deficit "may be considered only if the deficit . . . significantly impairs the person's ability to

18   understand and appreciate the consequences of his or her actions with regard to the type of act or

19   decision in question."  *Id.* § 811(a)-(b).

20        The Court agrees with Defendant.  Plaintiff's conclusory statement that she lacked

21   capacity to contract at the time the Agreement was executed without any evidentiary support is

22   unpersuasive, particularly in light of the recorded telephonic conversation during which Plaintiff

23   does not appear to exhibit any cognitive deficit or impairment.

24        Further, contrary to Plaintiff's contention, the Court finds the facts of *West* are

25   distinguishable.  In *West*, plaintiffs Harold ("Harold") and Lucy West suffered from dementia and

26   neither used email, computers, or mobile phones.  105 Cal. App. 5th at 988.  While speaking with

27   the defendant's representative regarding home renovation services, Harold did not seem to

28   understand what was going on according to his adult daughter, Deon West ("Deon").  *Id.* at 989.

1    According to Deon, the representative obtained her email address to send her a quote for the

2    services.  *Id*.  Loan documents were then sent to Deon's email address and signed electronically

3    by Harold within 23 seconds.  *Id*. at 990.  In a recorded telephonic conversation following

4    execution of the loan documents, Harold's responses to questions were unintelligible, delayed, or

5    repeated responses from a female voice in the background.  *Id*. at 991.  The trial court denied the

6    motion to compel arbitration on the ground that the defendant had not met its ultimate burden of

7    proving that Harold was the person who completed the loan documents or that Deon had the

8    authority to bind Harold to an arbitration agreement.  *Id*. at 992.

9         Here, Plaintiff does not dispute that the Agreement was sent to her personal email address

10   or that the email address on the DocuSign Certificate of Completion is hers.  Further, Plaintiff has

11   not provided evidence of any deficits that significantly impaired Plaintiff's ability to understand

12   and appreciate the consequences of the Agreement.  To the contrary, during the recorded

13   telephonic conversation with Defendant's representative, Plaintiff is able to confirm her name,

14   address, phone number, date of birth, the last four digits of her social security number and

15   personal email address.  (ECF No. 27-1.)  Plaintiff also verbally acknowledged she understood

16   the HSLA's financing terms, such as the first payment date and annual percentage rate.  (*Id*.)

17   Accordingly, the Court finds that Plaintiff has failed to rebut the presumption that all persons

18   have capacity to make decisions and to be responsible for their acts or decisions.

19                           *3.  Whether There Was Consideration*

20        Plaintiff argues the Agreement is void for lack of consideration because Defendant

21   purportedly failed to complete the installation of solar panels.  (ECF No. 22 at 12–13.)  Plaintiff's

22   argument fails.  As Defendant notes in reply, Defendant's agreement to be bound by the

23   arbitration process serves as adequate consideration for the formation of a valid contract.  (ECF

24   No. 26 at 6 (citing *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002) ("In

25   other words, Circuit City's promise to submit to arbitration and to forego the option of a judicial

26   forum for a specified class of claims constitutes sufficient consideration.").)  The Agreement

27   states that neither Plaintiff nor Defendant will have the right to: (1) have a court or a jury decide

28   the Claim; (2) engage in information-gathering (discovery) to the same extent as in court; (3)

                                          8

1    participate in a class action, private attorney general or other representative action in court or in

2    arbitration; or (4) join or consolidate a Claim with claims of any other person.  (ECF No. 19-3 at

3    18.)  Therefore, the Court finds that there was adequate consideration for the Agreement.

B.    *Whether the Agreement was Unconscionable*

5        Plaintiff argues the Agreement is procedurally and substantively unconscionable and thus

6    should not be enforced.  (ECF No. 22 at 11–12.)  "Under California law, courts may refuse to

7    enforce any contract found 'to have been unconscionable at the time it was made,' or may 'limit

8    the application of any unconscionable clause.'"  *AT&T Mobility LLC*, 563 U.S. at 340 (citing Cal.

9    Civ. Code § 1670.5(a)).  "A finding of unconscionability requires a procedural and a substantive

10   element, the former focusing on oppression or surprise due to unequal bargaining power, the

11   latter on overly harsh or one-sided results."  *Id.* (internal quotations omitted) (citing *Armendariz*

12   *v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)).  California courts apply

13   a "sliding scale" analysis in making determinations about unconscionability: "the more

14   substantively oppressive the contract term, the less evidence of procedural unconscionability is

15   required to come the conclusion that the term is unenforceable, and vice versa."  *Kilgore v.*

16   *KeyBank Nat'l Ass'n*, 673 F.3d 947, 963 (9th Cir. 2012) (quoting *Armendariz*, 24 Cal. 4th at 89).

*1.    Procedural unconscionability*

18       Plaintiff argues the Agreement is procedurally unconscionable because it was procured

19   through deceit without a meaningful opportunity for Plaintiff to consent because it was executed

20   within 44 seconds of Plaintiff's receipt.[4]  (ECF No. 22 at 11.)  In reply, Defendant argues

21   Plaintiff's argument was rejected in *Guidry v. VITAS Healthcare Corp. of California*, No. 3:24-

22   CV-00176-H-MMP, 2024 WL 2097903, at *6 (S.D. Cal. May 9, 2024), where the plaintiff argued

23   an agreement was procedurally unconscionable because it was executed within 27 seconds of

24   plaintiff's receipt.  (*Id.* at 9.)

_____

[4]    Plaintiff further argues the Agreement is procedurally unconscionable because it was
embedded within a "broader fraudulent transaction" in which Defendant's contractor
misrepresented.  (ECF No. 22 at 11.)  However, because Plaintiff does not explain what her
argument means or how it shows procedural unconscionability, the Court declines to consider
Plaintiff's argument.

1    The Court has reviewed the Agreement and finds that it is not procedurally

2  unconscionable.  Plaintiff's argument that the Agreement was signed without a meaningful

3  opportunity to consent is unavailing because "[i]t is hornbook law that failing to read an

4  agreement before signing it does not prevent formation of a contract." *Iyere v. Wise Auto Group*,

5  87 Cal. App. 5th 747, 759 (2023) (citing *Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("It will not

6  do for a [person] to enter into a contract and when called upon to respond to its obligations, to say

7  that [they] did not read it when [they] signed it, or did not know what it contained.")).  Further,

8  Plaintiff had the right to reject the Agreement without affecting any of the other terms of the

9  contract but chose not to.  (ECF Nos. 19-3 at 21, 19-1 at 4.)

10    Based on the foregoing, it appears there is no evidence of procedural unconscionability.

11  However, the Court must next "examine the extent of the substantive unconscionability to

12  determine, whether based on the California courts' sliding scale approach, the arbitration

13  provision is unconscionable." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1284 (9th Cir.

14  2006).

15    *2.  Substantive unconscionability*

16    Plaintiff argues the Agreement is substantively unconscionable because it imposes terms

17  that are overly harsh and one-sided.  (ECF No. 22 at 11.)  Specifically, Plaintiff contends the

18  Agreement requires arbitration of Plaintiff's claims but allows Defendant to pursue remedies such

19  as collections and negative credit reporting without restriction.[5]  (*Id*. at 11-12.)

20    In reply, Defendant argues self-help remedies available to secured creditors, such as

21  collections and negative credit reporting, are, by definition, sought outside of litigation whereas

22  arbitration is intended as an alternative to litigation and therefore, are not unconscionable.  (ECF

23  No. 26 at 9 (citing *Sanchez v. Valencia Holing Co, LLC*, 61 Cal. 4th 899, 922 (2015)).)

24    An agreement is substantively unconscionable if it is "unfairly one-sided." *Little v. Auto*

___

[5]    Plaintiff also contends that the Agreement restricts Plaintiff's ability to seek meaningful relief, likely limits Plaintiff's ability to recover statutory damages or pursue injunctive relief and was procured through deception exacerbating its unconscionability.  (ECF No. 22 at 11–12.) However, Plaintiff does not explain what her argument means or how it shows substantive unconscionability.  As such, the Court declines to consider them.

10

1    *Stiegler, Inc.*, 29 Cal. 4th 1064, 1071 (2003).  The Court has reviewed the Agreement and finds

2    that it does not lack mutuality.  Specifically, the Agreement states that neither Plaintiff nor

3    Defendant will have the right to: (1) have a court or a jury decide the Claim; (2) engage in

4    information-gathering (discovery) to the same extent as in court; (3) participate in a class action,

5    private attorney general or other representative action in court or in arbitration; or (4) join or

6    consolidate a Claim with claims of any other person.  (ECF No. 19-3 at 18.)  Thus, both parties

7    are bound by the Agreement, and it is not unfairly one-sided. The fact that self-help remedies are

8    available to Defendant does not alter the Court's analysis.

9         In sum, Plaintiff makes conclusory statements regarding the Agreement and has failed to

10   provide any evidence that the Agreement is substantively unconscionable.  Thus, the Court finds

11   the Agreement is not substantively unconscionable.

12        Based on the foregoing, the Court does not find the Agreement is "permeated with

13   unconscionability."  *Silicon Valley*, 2015 WL 4452373, at *7.  Accordingly, the "emphatic federal

14   policy in favor of arbitral dispute resolution" is in favor of compelling arbitration in this case.

15   *Mitsubishi Motors Corp.*, 473 U.S. at 631.

16                                   C.     *Stay is Appropriate*

17        Defendant argues the instant matter should be stayed in its entirety pending completion of

18   arbitration because Plaintiff's claims are subject to binding arbitration.  (ECF No. 19 at 11.)

19   Plaintiff does not dispute that the instant matter should be stayed.  Accordingly, because the Court

20   finds the instant matter involves an arbitrable dispute and Defendant requests a stay of the case,

21   the Court GRANTS Defendant's request and stays the instant matter as to Defendant.  *Smith v.*

22   *Spizzirri*, 601 U.S. 472 (2024) ("when a district court finds that a lawsuit involves an arbitrable

23   dispute and a party requests a stay pending arbitration, the court lacks discretion to dismiss the

24   case.")

25        **IV.    CONCLUSION**

26        For the foregoing reasons, the Court GRANTS Defendant Solar Mosaic, LLC's Motion to

27   Compel Arbitration (ECF No. 19), DENIES Defendant Solar Mosaic, LLC's Motion to Stay

28   (ECF No. 20) as moot, and DENIES Plaintiff's Motion to File a Surreply.  (ECF No. 31.)  The

1  instant case is STAYED as to Defendant Solar Mosaic, LLC. Defendant Solar Mosaic, LLC

2  and Plaintiff shall file a Joint Status Report within fourteen (14) days of the completion of

3  arbitration proceedings.

4         As noted above, Experian Information Solutions, Inc. did not join Defendant Solar

5  Mosaic, LLC's motion or file an opposition. Accordingly, the Court ORDERS Experian

6  Information Solutions, Inc. and Plaintiff to file a joint status report within thirty (30) days of this

7  order indicating how the parties intend to proceed.

8         IT IS SO ORDERED.

9  Date: May 29, 2025

10  _____

11  TROY L. NUNLEY
    CHIEF UNITED STATES DISTRICT JUDGE

12